JENKINS MULLIGAN & GABRIEL LLP
Thomas A. Jenkins [SBN 92213]
Daniel J. Mulligan [SBN 103129]
Larry W. Gabriel [SBN 68329]
78-065 Main Street, Suite 202
La Quinta CA 92253
Telephone: (415) 982-8500
Facsimile: (415) 982-8515

THE LAW OFFICE OF SIMMONS & PURDY
Pamela D. Simmons [SBN:160523]
William D. Purdy III [SBN: 96027]
2425 Porter St., Suite 10
Soquel CA 95073-2454
Telephone: (831) 464-6884
Facsimile: (831) 464-6886

MORAN LAW GROUP, INC.
Cathleen Cooper Moran [SBN: 83758]
Renee C. Mendoza [SBN: 139939]
1674 N. Shoreline Blvd., Suite 140
Mountain View CA 94043-1375
Telephone: (650) 694-4700
Facsimile: (650) 694-4818

Attorneys for Debtor and Plaintiff
ENRIQUE VELEZ

## UNITED STATES BANKRUPTCY COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In Re:<br><br>ENRIQUE VELEZ,<br><br>              Debtor.<br>_____<br><br>ENRIQUE VELEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>PLAZA HOME MORTGAGE, INC., a California corporation; WASHINGTON MUTUAL BANK, a Delaware corporation; JP Morgan Chase Bank, N.A., as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A., from the FDIC acting as receiver; and, TRI-CITY MORTGAGE, a California Corporation;<br><br>              Defendants. | Chapter 13<br><br>Bankruptcy No. 08-53842 MM<br><br>Adversary Proceeding No. 09-05037 MM<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR:**<br>1. **DETERMINATION OF EXTENT AND VALIDITY OF LIEN**<br>2. **TRUTH-IN-LENDING ACT VIOLATION**<br>3. **FRAUD**<br>4. **RESCISSION UNDER CIVIL CODE SECTION 1632**<br>5 **ELDER ABUSE**<br>6. **QUIET TITLE**<br><br>**[JURY TRIAL DEMANDED]** |

# I.  INTRODUCTION

1.  This is an adversary proceeding brought by the debtor herein, Enrique Velez ("Velez" or "Plaintiff"),  pursuant to 11 U.S.C. §502 to object to the allowed secured claim of defendant Washington Mutual Bank ("WAMU"), now JP Morgan Chase Bank, N.A., as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A., from the FDIC acting as receiver, on the basis that the security interest held by WAMU has been properly rescinded pursuant to §1635 of the Truth-in-Lending Act, ("TILA") 15 U.S.C. §1601 et seq. and Regulation Z (12 C.F.R. 226) ("Regulation Z").  Plaintiff seeks injunctive relief and damages to enforce his rescission of a mortgage held by defendant WAMU.  Plaintiff seeks a preliminary injunction to restrain WAMU from refusing to honor his valid rescission of the transaction and, by that unlawful refusal, preventing mortgage refinancing.  Plaintiff also seeks a determination on the merits that:

•  he has properly rescinded the mortgage held by WAMU and WAMU has no valid secured or unsecured claim;

•  that WAMU's refusal to honor his valid rescission notice in accordance with TILA's requirements eliminates any alleged indebtedness to WAMU; and

•  that WAMU is required to return to him all monies he has paid in connection with the mortgage loan transaction which is the subject of this lawsuit.

In addition, Plaintiff seeks statutory damages, costs, and attorney's fees for WAMU's failure to honor his valid rescission notice in conformity with the requirements of TILA.  Plaintiff also asserts pendent claims for fraud, for rescission pursuant to California Civil Code section 1632, for additional damages pursuant to Civil Code Section 3345h and for quiet title.

# II.  JURISDICTION AND VENUE

2.       Jurisdiction of the Bankruptcy Court arises under 28 U.S.C. §§1334 and 157, as amended. This is a core proceeding.

## III.  THE PARTIES

### DEBTOR/PLAINTIFF

3.      Plaintiff is, and at all times material to this Complaint was, a resident of the City of Salinas and County of Monterey, California, residing at 1147 Raven Court, Salinas California (the "Subject Property").  Plaintiff has owned and occupied this home for years as his principal and family residence.  Plaintiff is a debtor in this Court, having filed a petition pursuant to Chapter 13 of the Bankruptcy Code on July 21, 2008.

4.      Plaintiff is a "consumer," as defined in TILA and Regulation Z.

5.      Plaintiff sustained a serious head injury in an accident on his job and was declared permanently disabled as of May 6, 1999.  Due to this injury, Plaintiff is a "Disabled person," as defined in California Civil Code section 1761.

### DEFENDANTS

6.      Plaintiff is informed and believes, and on that basis alleges, that Defendant, Plaza Home Mortgage, Inc. ("Plaza") is a California corporation with a principal place of business at 5090 Shoreham Place #109, San Diego, CA, and that Plaza conducts consumer loan operations in California, including the issuance of loans secured by deeds of trust.

7.      Plaintiff is further informed and believes, and on that basis alleges, that Plaza is a "creditor" with regard to the secured loan that is the subject of this adversary proceeding, as defined in TILA and Regulation Z.

8.      Plaintiff alleges that Defendant WAMU is a federally chartered savings institution incorporated in the state of Washington that conducts business as a savings and loan bank, including consumer loan operations involving the issuance of loans secured by deeds of trust, throughout California.  Plaintiff is informed and believes, and on that basis alleges, that WAMU has a principal place of business at 1301 2nd Ave W, Seattle, WA 98119 and that it is now known as JP Morgan Chase Bank, N.A., as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, F.A., from the FDIC acting as receiver. (hereafter "WAMU).

9.      Plaintiff is informed and believes, and on that basis alleges, that defendant Tri-City Mortgage, Inc. is a California corporation licensed by the Department of Real Estate as a mortgage

Case: 09-05037    Doc# 17    Filed: 05/27/09    Entered: 05/27/09 11:16:49    Page 3 of 14

broker.

10.     At all times relevant to the claims in this Verified Complaint, Defendants' employees or agents acted with the authority of their employers and/or principals.

11.     Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1-100, inclusive, and, therefore, Plaintiff sues said Defendants by the foregoing fictitious names.  When the true names and capacities of these Defendants become known, Plaintiff will amend this Verified Complaint to include such true names and capacities and, if necessary, will seek leave to amend to add additional charging allegations against them.  Plaintiff is informed and believes, and thereon alleges, that Does 1-100, inclusive, include persons who conspired or aided and abetted the other Defendants.

12.     Plaintiff alleges that each Defendant, including those sued herein as Does 1-100, was acting as an agent or representative of every other Defendant in doing all of the acts described in this Verified Complaint and at all times was acting within the course and scope of such agency or representative capacity in doing the acts described herein.

13.     At all times herein mentioned, Defendants, and each of them, were agents or joint venturers of each of the other Defendants and, in doing the acts alleged herein, were acting within the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants and ratified, approved and/or retained the benefits of said wrongful acts.

## IV.  FACTUAL ALLEGATIONS

14.     Plaintiff has owned and resided at 1147 Raven Court, Salinas California (hereinafter "the subject property"), for years.

15.     Prior to entering into the loan transaction with Defendants Plaza and WAMU, the Property was subject to a mortgage with World Savings Bank in the approximate amount of $404,928.99.

16.     On or about April 27, 2006, a representative of defendant Plaza and TriCity Mortgage (the company that brokered the loan), Richard Sanchez (aka Ricardo Sanchez), as agent for Defendant Plaza and TriCity Mortgage, came to the subject property to meet with Velez.  Mr.

Case: 09-05037    Doc# 17    Filed: 05/27/09    Entered: 05/27/09 11:16:49    Page 4 of 14

Sanchez presented Velez with loan documents to sign for a mortgage loan in the amount of $519,000 (the "Loan"). At that time, Velez signed the Loan documents and also was presented with a set of copies of the documents he signed for the Loan. All of the discussions between Plaintiff and Mr. Sanchez were conducted in Spanish. Sanchez knew Plaintiff did not speak or read English sufficiently to understand the transaction in English. None of the documents presented to Plaintiff were translated into Spanish. Mr. Sanchez misrepresented the terms of the transaction. Specifically, he did not advise Plaintiff that by signing the documents he would incur a prepayment penalty, that the loan would result in negative amortization, that Plaintiff qualified for better loan terms than those presented and that, given Plaintiff's financial condition, the new loan would inevitably result in the loss of his property. In making these misrepresentations, Sanchez and his employer, Tri-City Mortgage, were acting as agent for Defendant Plaza. Defendant Plaza, upon information and belief, trained the brokers at Tri-City Mortgage on how to sell the loan product and Defendant Plaza paid Tri-City Mortgage $16,867.50 in exchange for putting Plaintiff into a loan the terms of which were worse than he qualified for under Plaza's own guidelines.

17. Included with the set of copies Velez received on or about April 27, 2006 were two Notice of Right to Cancel forms (the "Notices"). The Notices failed to state the date of the transaction and the final date on which Velez could cancel the transaction, in violation of the requirements of TILA at 15 U.S.C. Section 1635 and Regulation Z Section 226.23(b).

18. A Deed of Trust securing the Loan was recorded against the Property on May 10, 2006, as Document No. 2006041949 in the Official Records of Monterey County. Funds from the Loan were used to pay in full the World Savings Bank loan that previously encumbered the subject property.

19. To obtain the Loan, Plaintiff paid transaction fees and broker fees totaling approximately $8,481.04, not including a "Yield Spread Premium" of $16,867.50 that Plaza paid to TriCity Mortgage outside of closing.

20. Plaintiff is informed and believes, and on that basis alleges, that, after the recordation of the Deed of Trust securing the Loan, Plaza's interest in the Loan was assigned to WAMU.

21.     Pursuant to TILA, an assignee of a creditor's interest is liable for rescission to the same extent as the assignor (15 USC section 1641(c): "[a]ny consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.").

22.     On October 30, 2007, Plaintiff gave Defendant Plaza a valid notice of rescission of the Loan. Plaza failed and refused to accept Plaintiff's valid notice of rescission or take the required necessary actions thereafter.

23.     On January 14, 2008, Plaintiff gave Defendant WAMU a valid notice of rescission of the Loan. WAMU repeatedly failed and refused to accept Plaintiff's valid notice of rescission or take the required necessary actions thereafter.

### V.  CLAIMS

### FIRST CLAIM FOR RELIEF

### (Determination of Extent and Validity of Lien as to Defendant WAMU)

24.     Plaintiff filed his petition commencing this case under Chapter 13 of the Bankruptcy Code on July 21, 2008 as case number 07-16659 MJ.

25.     Among the assets of the estate is the Subject Property.

26.     Plaintiff is informed and believes that WAMU asserts a lien against the Subject Property to secure Plaintiff's obligation under an Adjustable Rate Note in the initial principal amounts of $519,000 (Loan. No. 07604282).

27.     In order to determine the viability of the repayment plan and/or whether the Subject Property can be refinanced or should be abandoned under Section 554 of the Bankruptcy Code, the debtor/plaintiff must determine the nature, extent and validity of the asserted lien. Pursuant to Bankruptcy Rule 7008(a), Plaintiff asserts that this is a core proceeding.

Case: 09-05037    Doc# 17    Filed: 05/27/09    Entered: 05/27/09 11:16:49    Page 6 of 14

# SECOND CLAIM FOR RELIEF

**(Truth-in-Lending Act Violation for Failure To Timely Provide the Notice of Right To Rescind Against Defendants Plaza Home Mortgage and WAMU)**

28.     Plaintiff realleges and incorporates by reference each and every previous paragraph of this Complaint as though set forth in full.

29.     This consumer credit transaction was subject to the Plaintiff's right of rescission under TILA, as described in 15 U.S.C. section 1635, and Regulation Z section 226.23 (12 C.F.R. § 226.23).

30.     In the course of this consumer credit transaction, Defendants violated 15 U.S.C. section 1635(a) and Regulation Z section 226.23(b) by failing to deliver to Plaintiff two copies of the notice of the right to cancel that clearly and conspicuously disclosed the date of the transaction and the date the rescission period expired.  The Notices that Plaintiff received did not indicate the date of the transaction or the final date to rescind the Loan.

31.     Borrowers retain a continuing right to rescind a loan transaction until the third business day after receipt of both the notice of the right to rescind as described herein and the notice of all "material" disclosures as described herein, pursuant to 15 U.S.C. §1635(a) and Regulation Z §226.23(a)(3).  Plaintiff has never received proper notices and, thus, retains the right to rescind.

32.     Plaintiff's October 30, 2007 and January 14, 2008, notices of rescission with respect to the Loan were valid and timely notices of rescission under applicable law.

33.     Defendants failed to accept Plaintiff's valid notices of rescission in violation of 15 U.S.C. section 1635, and Regulation Z section 226.23.

34.     Defendants failed to accept Plaintiff's notices of rescission within the statutorily prescribed time period, as set forth in 15 U.S.C. section 1636 and Regulation Z section 226.23.

35.     Defendants failed to take any action necessary or appropriate to reflect the termination of any security interest created in connection with the Loan, including the security interest described herein, as required by 15 U.S.C. section 1635(b) and Regulation Z section 226.23(d)(2).

36.     Defendants failed to return to Plaintiff any money or property given by Plaintiff to anyone, including to Defendants, as required by 15 U.S.C. section 1635(b) and Regulation Z

Case: 09-05037    Doc# 17    Filed: 05/27/09    Entered: 05/27/09 11:16:49    Page 7 of 14

section 226.23(d)(2).

37.     As a result of the violations by Defendants under TILA and Regulation Z, as described herein, Plaintiff is entitled to rescind the Loan transaction.

38.     As a result of the violations by Defendants under TILA and Regulation Z, as described herein, Plaintiff is entitled to terminate any security interest in the Subject Property created under the Loan transactions with Defendants, under 15 U.S.C. section 1635 and Regulation Z section 226.23.

39.     As a result of the violations by Defendants under TILA and Regulation Z, as described herein, Plaintiff is entitled to the return of any money or property given by Plaintiff to anyone, including to Defendants, in connection with the Loan transaction with Defendants, under 15 U.S.C. section 1635 and Regulation Z section 226.23.

40.     As a result of the violations by Defendants under TILA and Regulation Z, as described herein, including Defendants' refusal to honor Plaintiff's valid rescission notice in accordance with TILA's requirements, Plaintiff no longer has any indebtedness with respect to the Loan.

**41.**     As a result of the violations by Defendants under TILA and Regulation Z, as described herein, Plaintiff is entitled to retain proceeds to vest in Plaintiff, under 15 U.S.C. section 1635 and Regulation Z section 226.23.

### THIRD CLAIM FOR RELIEF

### (Fraud as to all Defendants)

42.     Plaintiff realleges and incorporates by reference each and every previous paragraph of this Verified Complaint as though set forth in full.

43.     The representations made to Plaintiff regarding the nature of the loan were false and defendants Tri-City and Plaza knew they were false when made.  Plaintiff reasonably relied upon the representations and, given his inability to speak or read English, had no way to determine that the representations were false.  Absent these misrepresentations, Plaintiff would not have executed the loan documents.  As a result, Plaintiff has been damaged in that he paid costs for the new loan, increased interest payments, lost of equity and now faces the loss of his home.

1     44.     Plaintiff is informed and believes, and on that basis alleges, that defendant WAMU is

2  not a holder in due course of the loan and is, therefore, subject to liability for this claim.

3     45.     Wherefore Plaintiff prays for relief as set forth below.

4             **FOURTH CLAIM FOR RELIEF**

5         **(Rescission Under Cal. Civil Code Section 1632**

6            **As To Defendants Plaza and WAMU)**

7     46.     Plaintiff realleges and incorporates by reference each and every previous paragraph of

8  this Verified Complaint as though set forth in full.

9     47.     In arranging the loan, as more specifically described above, all of the negotiations

10  were conducted in Spanish.  California Civil Code Section 1632 requires that, under such circum-

11  stances, a translation of the documents in Spanish be provided to the consumer.  Defendants Tri-City

12  and Plaza failed to provide any such translation.

13     48.     As a mortgage broker, Tri-City is not exempt from the requirements of Section 1632.

14  Plaza is also not exempt, as Tri-City was acting as Plaza's agent.

15     49.     Plaintiff is informed and believes, and on that basis alleges, that WAMU is not a

16  holder in due course of the loan at issue and is subject to this claim as well.

17     50.     Wherefore Plaintiff prays for relief as hereinafter set forth.

18              **FIFTH CLAIM FOR RELIEF**

19         **(Elder Abuse --Civil Code Section 3345)**

20              **(As to All Defendants)**

21     51.     Plaintiff realleges and incorporates by reference each and every previous paragraph of

22  this Verified Complaint as though set forth in full.

23     52.     California Civil Code section 3345 ("Section 3345") provides in full:

24          (a) This section shall apply only in actions brought by, on
behalf of, or for the benefit of senior citizens or disabled persons,
25          as those terms are defined in subdivisions (f) and (g) of Section
1761, to redress unfair or deceptive acts or practices or unfair
26          methods of competition.

27

28

Case: 09-05037   Doc# 17   Filed: 05/27/09   Entered: 05/27/09 11:16:49   Page 9 of 14

(b) Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

(1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.
(2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

53.     Defendants' actions in connection with the loan deprived Plaintiff of his rights by the fraudulent conduct alleged and under TILA and Regulation Z and, therefore, constitute unfair or deceptive acts or practices or unfair methods of competition under Section 3345.

54.     Defendants' conduct caused Plaintiff, a disabled person, to suffer encumbrance of his primary residence.

55.     Plaintiff is more vulnerable that other members of the public to Defendants' conduct because of his disability and actually suffered substantial economic damage resulting from Defendants' conduct.

56.     As a result of Defendants' unfair or deceptive acts or practices or unfair methods of competition, this Court may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by statute, or than this Court would impose in the absence the factors described above.

## SIXTH CLAIM FOR RELIEF

### (Quiet Title and Declaratory Relief Against All Defendants)

57.     Plaintiff realleges and incorporates by reference each and every previous paragraph of this Verified Complaint as though set forth in full.

58.     The deed of trust recorded against the Subject Property wrongfully clouds Plaintiff's title to the Subject Property, tends to depreciate the market value of the Subject Property and prevent him from enjoying the use of the Subject Property in the manner most consistent with his interest as owner.

59.     Plaintiff seeks to quiet title against the claim of Defendants.  Defendants have no right, title, estate, lien or interest in the property.

60.     Plaintiff desires and is entitled to a judicial declaration extinguishing the lien on the Subject Property resulting from the Loan and quieting title in Plaintiff.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

1.  A determination of the nature, extent and validity of any lien.

2.  An order voiding any lien against the property and rescinding the loan;

3.  Compensatory and general damages, according to proof;

4.  Statutory damages, according to proof;

Case: 09-05037     Doc# 17     Filed: 05/27/09     Entered: 05/27/09 11:16:49     Page 11 of 14

1      5. Special damages, according to proof;

2      6. Punitive damages, according to proof;

3      7. Prejudgment interest at the maximum legal rate;

4      8. Costs of these proceedings;

5      9. Reasonable attorneys fees; and

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10. Such other relief as the Court deems proper and just.

Date:  May 23, 2009.

JENKINS MULLIGAN & GABRIEL LLP

LAW OFFICE OF SIMMONS & PURDY

MORAN LAW GROUP


By _____
     CATHLEEN COOPER MORAN
     Attorneys for Debtor/Plaintiff
     ENRIQUE VELEZ

## **REQUEST FOR JURY TRIAL**

The Plaintiff requests trial by jury on all claims so triable.

Date:  May 23, 2009.

JENKINS MULLIGAN & GABRIEL LLP

LAW OFFICE OF SIMMONS & PURDY

MORAN LAW GROUP


By _____
     CATHLEEN COOPER MORAN
     Attorneys for Debtor/Plaintiff
     ENRIQUE VELEZ

ADVERSARY COMPLAINT

**VERIFICATION**

I, Enrique Velez, am a party to this action. I have read the foregoing Verified Complaint and know its contents. The matters stated in the Verified Complaint are true based upon my own knowledge, except as to those matters stated on information and belief and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 20, 2009, at Soquel, California.


_____
ENRIQUE VELEZ

Case: 09-05037    Doc# 17    Filed: 05/27/09    Entered: 05/27/09 11:16:49    Page 14 of
14